Filed 6/23/16  In re Engel CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ROBERT BRUCE ENGEL,<br><br>    on Habeas Corpus. | G053343<br><br>(Super. Ct. No. 11HF1297)<br><br>O P I N I O N |

        Original proceedings; petition for a writ of habeas corpus to file a late notice of appeal.  Petition granted.

        Appellate Defenders, Inc., and Patricia Ihara for Petitioner.

        No appearance for Respondent Court.

        Kamala D. Harris, Attorney General, and Julie L. Garland, Senior Assistant Attorney General for Respondent.

*        *        *

THE COURT:[*]

Petitioner Robert Bruce Engel seeks relief from the failure to file a timely notice of appeal. The petition is granted.

Petitioner is 72 years old. He is currently on parole/post-release community supervision along with a Penal Code section 290 registration requirement pursuant to a judgment issued by the by the Orange County Superior Court on October 23, 2015.

Petitioner was found guilty at a bench trial before Judge Craig L. Griffin on October 4, 2012, of one count of indecent exposure with a prior. Petitioner was granted in propia persona status after his verdict, but before he was sentenced. On August 9, 2013, petitioner agreed to the appointment of the Public Defender to represent him. On November 19, 2013, the Public Defender declared a doubt as to petitioner's competency and criminal proceedings were suspended. On April 2, 2014, the trial court ordered petitioner committed to Patton State Hospital.

Petitioner appealed the commitment order in case No. G050074. On December 19, 2014, the trial court found petitioner restored to mental competency, ordered the criminal proceedings reinstated, and released petitioner on his own recognizance.

Petitioner then borrowed money to retain attorney Patrick Smith to prepare and file a new trial motion on his behalf. In the event the motion was denied, the motion would serve as a foundation for the drafting of a future appeal on his behalf. The new trial motion was heard on October 23, 2015, and raised several issues. Those issues included insufficiency of the evidence; whether the trial court erred when it failed to make a finding that petitioner's jury trial waiver was voluntary, knowingly and intelligently made; and whether the trial court committed prejudicial evidentiary error.

---

[*] Before O'Leary, P.J., Rylaarsdam, J. and Bedsworth J.

2

The trial court denied the motion for a new trial, and sentenced petitioner to the upper term of three years in state prison. Because petitioner had served all his time, he was not remanded into custody.

After petitioner was sentenced, retained counsel Smith also advised him that he had several arguably meritorious appellate issues regarding sentencing. Based on these discussions, petitioner believed that Smith was going to file the Notice of Appeal on his behalf and relied on him to do so. On December 22, 2015, (the 60th day in which to file a timely notice of appeal), petitioner went to the Superior Court and inquired about the status of his appeal. The court clerk advised him it had not been filed. Petitioner immediately obtained information on how to file an appeal online; prepared his own notice of appeal; and returned to the court the following day, or on December 23, 2015, to file it. The clerk stamped the document, "Received." In a letter dated December 24, 2015, petitioner was informed his Notice of Appeal was untimely because it was filed one day too late.

The Attorney General does not oppose petitioner's request for relief to file the notice of appeal.

The principle of constructive filing of the notice of appeal should be applied in situations were a criminal defendant requests trial counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because a trial attorney who has been asked to file a notice of appeal on behalf of a client has a duty to file a proper notice of appeal, or tell the client how to file it himself. In this case, trial counsel either told petitioner or led him to believe that he would file a notice of appeal on his behalf. Petitioner's reasonable reliance on the promise of trial counsel to file a timely notice of appeal entitles him to the relief requested.

The petition is granted. On petitioner's behalf, Attorney Patricia Ihara is directed to prepare and file a notice of appeal from the court's order entered on October

3

23, 2015.  In Orange County Superior Court case No. 11HF1297 the clerk of the superior court is directed to accept the notice for filing if presented within 30 days of this opinion becoming final.  Further proceedings, including the preparation of the record on appeal, are to be conducted according to the applicable rules of court.  In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.